[Cite as *State v. Mowery*, 2011-Ohio-1709.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 10-CA-26 |
|  | : |  |
|  | : |  |
| BRANDON MOWERY | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:              Criminal Appeal from Fairfield County
                                     Court of Common Pleas Case No.
                                     2009-CR-0259

JUDGMENT:                            Affirmed In Part, Reversed and
                                     Remanded In Part

DATE OF JUDGMENT ENTRY:              April 4, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GREGG MARX                                ANDREW T. SANDERSON
Assistant Prosecuting Attorney            Burkett & Sanderson, Inc.
201 South Broad Street                    21 West Church Street
Fourth Floor                              Suite 201
Lancaster, Ohio  43130                    Newark, Ohio  43055

*Edwards, J.*

{¶1}    Defendant-appellant, Brandon Mowery, appeals from the April 22, 2010, Judgment Entry of the Fairfield County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On August 7, 2009,  the Fairfield County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02(A)(1), a felony of the first degree, one count of  aggravated arson in violation of R.C. 2909.02(A)(3), a felony of the first degree, one count of arson in violation of R.C. 2909.03(A)(1), a felony of the fourth degree, and one count of retaliation in violation of R.C. 2921.05(A), a felony of the third degree. Appellant also was indicted on one count of intimidation in violation of R.C. 2921.03, a felony of the third degree, one count of trafficking in drugs in violation of R.C. 2925.03(A)(1) and R.C. 2925.03(C)(6)(a), a felony of the fourth degree, and one count of aggravated menacing in violation of R.C. 2903.21, a felony of the fifth degree. At his arraignment on August 24, 2009, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶3}    Thereafter, on March 23, 2010, appellant withdrew his former not guilty plea and entered a plea of guilty to one count of complicity to commit arson  and one count each of retaliation and menacing. The remaining counts were dismissed. As memorialized in a Judgment Entry filed on April 22, 2010, appellant was sentenced to 18 months on the arson count, to five years on the retaliation count and to six months on the charge of aggravated menacing. The trial court ordered the sentences to run

consecutively to one another and to a previously imposed sentence in another matter. Appellant also was ordered to pay restitution to the victim.

{¶4}    Appellant now raises the following assignments of error on appeal:

{¶5}    "I.   THE   TRIAL   COURT   COMMITTED   HARMFUL   ERROR   IN SENTENCING  THE  DEFENDANT-APPELLANT  TO  CONSECUTIVE  SENTENCES HEREIN.

{¶6}    "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING CONSECUTIVE SENTENCES FOR THE OFFENSES OF AGGRAVATED MENACING AND RETALIATION IN THE PROCEEDINGS BELOW."

I

{¶7}    Appellant, in his first assignment of error, argues that the trial court erred in sentencing him to consecutive sentences. Appellant specifically contends that the trial court failed to make the necessary findings for imposing consecutive sentences and that where any findings were made by the trial court, the findings were not supported by the record.

{¶8}    In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and discussed the affect of the *Foster* decision on felony sentencing. The *Kalish* Court explained, that having severed the judicial fact-finding portions of R.C. 2929.14 in *Foster,* "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at paragraphs 1 and 11, citing *Foster* at paragraph 100. See also,

*State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306. "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at paragraph 12. However, although *Foster* eliminated mandatory judicial fact finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at paragraph 13. See also, *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1.

{¶9} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Kalish* at paragraph 14.

{¶10} In reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Id.* at paragraph 4.

{¶11} Appellant cites to *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, in support of his argument that the trial court was required to make findings prior to

imposing consecutive sentences. However, recently, in *State v. Hodge,* 128 Ohio St.3d, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court stated in relevant part, as follows: "we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id at paragraph 39.

{¶12} We find that appellant's sentence is not contrary to law. The trial court expressly stated in its April 22, 2010 Judgment Entry that it considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and considered the seriousness and recidivism factors set forth in 2929.12. Furthermore, appellant's sentences are within the permissible statutory ranges. Finally, appellant was properly placed on three years of mandatory post-release control pursuant to R.C. 2967.28(B)(3) for retaliation, a felony of the third degree.

{¶13} Having satisfied step one, we next consider whether the trial court abused its discretion in selecting the sentence. *Kalish,* at ¶ 4. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶14} We find that the trial court did not abuse its discretion. The victim in the case sub judice, Alisha Snoke, was a caseworker for Job and Family Services. Snoke

was the caseworker for a case involving appellant's and Tara Casto's children. Casto was appellant's co-defendant. Appellant and Casto convinced a third party to throw a brick through Snoke's car while it was parked at Snoke's house at night after dark. After throwing the brick, the man then tossed a lit milk carton containing gasoline through the car window, causing a large fire. At the time, the car was parked in the driveway close to the garage and close to a bedroom where Snoke's children were located. At the sentencing hearing, Snoke testified that the incident affected her family's emotional and physical well-being and caused her to fear for the safety of her family and property.

{¶15} Based on the foregoing, we find that the trial court did not abuse its discretion in imposing consecutive sentences. The trial court's decision was not arbitrary, unreasonable or unconscionable.

{¶16} Appellant's first assignment of error is, therefore, overruled.

II

{¶17} Appellant, in his second assignment of error, argues that the trial court erred in imposing consecutive sentences for the offenses of aggravated menacing and retaliation because the two are allied offenses of similar import.

{¶18} As an initial matter, we note that the State maintains that appellant waived his right to challenge whether his crimes were allied offenses by pleading guilty. However, the Ohio Supreme Court considered this issue recently in *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, and concluded that a defendant's plea to multiple counts does not affect the trial court's duty to merge allied offenses at sentencing nor bar appellate review of the sentence. *Id.* at ¶ 26-29.

{¶19} R.C. 2941.25 reads as follows:

{¶20} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶21} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶22} In *State v. Rance*, 85 Ohio St.3d 632, 636, 1999-Ohio-291,710 N.E.2d 699, the Ohio Supreme Court held that offenses are of similar import if the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

{¶23} In 2008,  the Ohio Supreme Court instructed as follows in *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, syllabus:

{¶24} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."

{¶25} According to *Cabrales,* if the sentencing court has initially determined that two crimes are allied offenses of similar import, the court then proceeds to the second part of the two-tiered test and determines whether the two crimes were committed separately or with a separate animus. *Id.* at 57, 886 N.E.2d 181, citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

{¶26} However, on December 29, 2010, subsequent to the briefing in the present appeal, the Ohio Supreme Court decided *State v. Johnson,* --- N.E.2d ----, 2010-Ohio-6314, which specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus.

{¶27} In the case sub judice, the two counts in question apparently stemmed from the same incident on December 14, 2008, and both involved the same victim. Because the guilty plea hearing in this matter predated *Johnson,* the trial court was not afforded the opportunity to review the pertinent issues in the allocution portion of appellant's plea hearing transcript of April 19, 2010. We note our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., *State v. DeMastry,* 155 Ohio App.3d 110, 119-120, 2003-Ohio-5588, 799 N.E.2d 229,  citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.

{¶28} In the interest of justice, appellant's second assignment of error is sustained to the extent that the matter will be remanded for a new sentencing hearing to analyze appellant's conduct in the offenses at issue pursuant to *Johnson* and, if necessary, to review potential merger of the offenses for sentencing.

{¶29} Accordingly, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed in part and this matter is remanded to the trial court for further proceedings.


By: Edwards, J.

Gwin, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d0118

[Cite as *State v. Mowery*, 2011-Ohio-1709.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :

                                :

          Plaintiff-Appellee    :

                                :

                                :

-vs-                            :       JUDGMENT ENTRY

                                :

BRANDON MOWERY            :

                                :

         Defendant-Appellant  :       CASE NO. 10-CA-26

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed in part and reversed and remanded in part.  Costs assessed to appellant.

_____

_____

_____

JUDGES