[Cite as *State v. Mowery*, 2012-Ohio-4532.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
|     Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 11 CA 61 |
| BRANDON D. MOWERY | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No 09 CR 259


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 26, 2012


APPEARANCES:

For Plaintiff-Appellee

GREGG MARX
PROSECUTING ATTORNEY
JOCELYN S. KELLY
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

For Defendant-Appellant

THOMAS R. ELWING
60 West Columbus Street
Pickerington, Ohio  43147

*Wise, J.*

{¶1} Appellant Brandon D. Mowery appeals from the decision of the Court of Common Pleas, Fairfield County, which resentenced him pursuant to a remand order from this Court in his prior appeal. The relevant facts leading to this appeal are as follows.

{¶2} On March 23, 2010, appellant entered pleas of guilty, in the Fairfield County Court of Common Pleas, to one count of complicity to commit arson (a fourth-degree felony), one count of retaliation (a third-degree felony), and one count of menacing (a fifth-degree felony). Additional counts in the indictment were dismissed.

{¶3} Via a judgment entry filed April 22, 2010, appellant was sentenced to eighteen months on the arson count, five years on the retaliation count, and six months on the count of aggravated menacing. The trial court ordered the sentences to run consecutively to one another and to a previously-imposed sentence in another matter. Appellant also was ordered to pay restitution to the victim, a public children services agency caseworker.

{¶4} Appellant thereupon appealed to this Court, arguing that the trial court had failed to make adequate or proper findings for imposing consecutive sentences and that the trial court had erred in imposing consecutive sentences for the offenses of aggravated menacing and retaliation on the theory that the two are allied offenses of similar import. *See State v. Mowery*, Fairfield App.No. 10-CA-26, 2011-Ohio-1709, ¶7, ¶17 ("*Mowery I*"). Upon review, this Court denied appellant's claim as to the imposition of consecutive sentences, but we ordered the matter remanded for a new sentencing hearing regarding the "allied offense" issue in light of *State v. Johnson*, 128 Ohio St.3d

153, 2010-Ohio-6314, which had been decided by the Ohio Supreme Court while appellant's direct appeal was pending. *See Mowery I* at ¶28.

{¶5} Following our remand, the trial court conducted a new sentencing hearing on October 24, 2011. The trial court issued a judgment entry on October 27, 2011, finding that the offenses at issue would not merge and that appellant's original consecutive prison terms would stand.

{¶6} On November 22, 2011, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFENSES OF COMPLICITY TO ARSON, RETALIATION, AND AGGRAVATED MENACING ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO THE MERGER STATUTE.

{¶8} "II. THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM CONTRARY TO LAW FOR THE THIRD-DEGREE FELONY OFFENSE OF RETALIATION."

I.

{¶9} In his First Assignment of Error, appellant argues the trial court erred in finding that his offenses are not allied offenses of similar import. We disagree.

{¶10} As an initial matter, we are compelled to delineate the parameters of our analysis of this assigned error. In *Mowery I*, at ¶ 28, we directed that "the matter will be remanded for a new sentencing hearing to analyze appellant's conduct *in the offenses at issue* pursuant to *Johnson* and, if necessary, to review potential merger of the offenses for sentencing." (Emphasis added.) In *Mowery I*, appellant's "allied offense"

argument was limited to the offenses of aggravated menacing and retaliation. *See id.* at ¶ 17. We will therefore limit our discussion herein to these two offenses, and we will not review appellant's "allied offense" arguments regarding the arson count.

{¶11} R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions. *See State v. Jackson*, Montgomery App.No. 24430, 2012-Ohio-2335, ¶ 133, citing *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, ¶ 45. The statute reads as follows:

{¶12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶14} For approximately the first decade of this century, law interpreting R.C. 2941.25 was based on *State v. Rance,* 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999–Ohio–291, wherein the Ohio Supreme Court had held that offenses are of similar import if the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

{¶15} However, the Ohio Supreme Court, in *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, specifically overruled the 1999 *Rance*

decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus. As recited in *State v. Nickel,* Ottawa App.No. OT–10–004, 2011–Ohio–1550, ¶ 5, the new test in *Johnson* for determining whether offenses are subject to merger under R.C. 2921.25 is two-fold: "First, the court must determine whether the offenses are allied and of similar import. In so doing, the pertinent question is 'whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without* committing the other.' (Emphasis sic.) *Id.* at ¶ 48. Second, 'the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." ' *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment). If both questions are answered in the affirmative, then the offenses are allied offenses of similar import and will be merged. *Johnson,* at ¶ 50."

{¶16} The offense of retaliation as charged in the case sub judice is set forth in R.C. 2921.05(A) as follows:

{¶17} "No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness."

{¶18} The offense of aggravated menacing, R.C. 2903.21(A) and (B), as pertinent to the case sub judice, reads as follows:

**{¶19}** "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. *** If the victim of the offense is an officer or employee of a public children services agency or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, aggravated menacing is a felony of the fifth degree ***."

**{¶20}** In the case sub judice, our review leads us to initially conclude that the first question under *Johnson,* i.e., whether it is possible to commit retaliation against a public children services agency caseworker and commit aggravated menacing against said victim with the same conduct, would be answered in the affirmative under the circumstances.

**{¶21}** We thus proceed to an examination of the second question under *Johnson.* The record indicates that appellant's accomplice threw a brick through the window of the victim's Chevrolet Tahoe, which was parked beside her residence. Appellant's accomplice then tossed into the vehicle a firebomb device made with gasoline and a milk jug. According to the investigating officer, the act of aggravated menacing occurred at a later time, when appellant and a co-defendant returned to the scene after fleeing the burning vehicle. *See* Tr., Resentencing Hearing, at 16-17.

**{¶22}** Accordingly, we are persuaded that the act and animus of retaliation as charged herein under R.C. 2921.05(A) were separate and distinct from the aggravated menacing conduct targeting the victim under R.C. 2903.21.

**{¶23}** We therefore find the trial court did not err in convicting and sentencing appellant on both of the aforesaid counts.

**{¶24}** Appellant's First Assignment of Error is overruled.

II.

**{¶25}** In his Second Assignment of Error, appellant contends the trial court erred in again sentencing him to a five-year prison term for his offense of retaliation, a third-degree felony, upon his resentencing following our prior remand. We disagree.

**{¶26}** Current R.C. 2929.14(A)(3)(b), following the revisions under 2011 Am.Sub.H.B. No. 86, effective September 30, 2011, reduced the maximum prison term for many third-degree felonies from 5 years to 36 months. Retaliation under R.C. 2921.05 is implicitly one of the offenses subject to this new statutory 36-month maximum. As indicated in our recitation of facts in this matter, appellant was originally sentenced in April 2010, prior to the effective date of H.B. 86.

**{¶27}** We note R.C. 1.58(B) states as follows: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." In *State v. Henderson*, Ashland App.No. 11–COA–045, 2012-Ohio-2709, we reviewed an appellant's claim that the trial court had erred in not applying the provisions of H.B. 86 at his resentencing, following an appellate remand. *Id.* at ¶ 45. Applying R.C. 1.58(B), *supra*, we rejected that argument, determining that Henderson's "sentence had already been imposed prior to the enactment of H.B. 86; therefore, the trial court did not err in not applying the amendments therein." *Id.* at ¶ 51. Although in *Henderson* our prior remand to the trial court for resentencing had been on

the limited issue of post-release control, we find that the same rationale applies where, as here, the prior appellate remand for a new sentencing hearing was for the purpose of reviewing the issue of allied offenses in light of the Ohio Supreme Court's new guidance in *Johnson*, *supra*. *Cf*., *also*, *State v. Craycraft,* Clermont App.Nos. CA2011-04-029 and CA2011-04-030, 2012-Ohio-884, ¶ 16, (concluding that "nothing in the language of 2011 Am.Sub.H.B. No. 86, nor anything in its legislative history, suggests that the General Assembly intended for those newly enacted statutory provisions to be applied by [the appellate] court when reviewing a sentence imposed by the trial court prior to its effective date.").

{¶28} We therefore find no error in the trial court's decision not to apply the H.B. 86 revisions to appellant's sentence for retaliation in the case sub judice. Appellant's Second Assignment of Error is overruled.

{¶29} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0911

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRANDON D. MOWERY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CA 61 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

JUDGES