[Cite as *State v. Blackford*, 2012-Ohio-4956.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 3 |
| MICHAEL BLACKFORD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No.  09 CR 0052


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 16, 2012


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JOSEPH A. FLAUTT                      DENNIS PUSATERI
PROSECUTING ATTORNEY            ASSISTANT STATE PUBLIC DEFENDER
111 North High Street, P. O. Box 569    250 East Broad Street, Suite 1400
New Lexington, Ohio  43764-0569      Columbus, Ohio  43215

*Wise, J.*

{¶1} Appellant Michael Blackford appeals from his convictions, in the Court of Common Pleas, Perry County, on charges of aggravated burglary, aggravated robbery, and kidnapping. The relevant procedural facts leading to this appeal are as follows.

{¶2} In August 2009, appellant was indicted by the Perry County Grand Jury on one count of aggravated burglary (R.C. 2911.11(A)(1)), another count of aggravated burglary (R.C. 2911.11(A)(2)), two counts of aggravated robbery (R.C. 2911.01(A)(1)), and four counts of kidnapping (2905.01(A)(2)).

{¶3} On October 26, 2009, appellant entered pleas of guilty to one count of aggravated burglary (R.C. 2911.11(A)(1), a felony of the first degree), one count of aggravated robbery (R.C. 2911.01(A)(1), a felony of the first degree), and four counts of kidnapping (2905.01(A)(2), felonies of the second degree).

{¶4} On November 23, 2009, the trial court, having accepted the aforesaid pleas, sentenced appellant to three years on the aggravated burglary count, three years on the aggravated robbery count, and two years each on the kidnapping counts, all to be served consecutively, for an aggregate term of fourteen years.

{¶5} On February 1, 2012, appellant filed a motion for leave to file a delayed appeal, which this Court subsequently granted. He herein raises the following three Assignments of Error:

{¶6} "I.    THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON DEFENDANT-APPELLANT'S FOUR KIDNAPPING COUNTS IN VIOLATION OF R.C. 2941.25 AND THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.

**{¶7}** "II. THE TRIAL COURT ERRED IN FAILING TO MERGE ONE KIDNAPPING COUNT WITH AGGRAVATED ROBBERY, ALL IN VIOLATION OF THE ALLIED OFFENSE PROVISIONS OF R.C. 2941.25 AND OF THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTION (SIC).

**{¶8}** "III. DEFENDANT-APPELLANT RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO OBJECT TO SENTENCES WHICH VIOLATED THE ALLIED OFFENSE PROVISIONS OF R.C. 2941.25 AND OF THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS."

I.

**{¶9}** In his First Assignment of Error, appellant argues the trial court erred in imposing consecutive sentences on his four kidnapping counts, in violation of R.C. 2941.25. We disagree.

**{¶10}** R.C. 2941.25 protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions. *See State v. Jackson*, Montgomery App.No. 24430, 2012-Ohio-2335, ¶ 133, citing *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, ¶ 45. The statute reads as follows:

**{¶11}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶12}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment

or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶13} For approximately the first decade of this century, law interpreting R.C. 2941.25 was based on *State v. Rance,* 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999–Ohio–291, wherein the Ohio Supreme Court had held that offenses are of similar import if the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

{¶14} However, the Ohio Supreme Court, in *State v. Johnson,* 128 Ohio St.3d 153, 942 N.E.2d 1061, 2010–Ohio–6314, specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus. As recited in *State v. Nickel,* Ottawa App.No. OT–10–004, 2011–Ohio–1550, ¶ 5, the new test in *Johnson* for determining whether offenses are subject to merger under R.C. 2921.25 is two-fold: "First, the court must determine whether the offenses are allied and of similar import. In so doing, the pertinent question is 'whether it is possible to commit one offense *and* commit the other offense with the same conduct, not whether it is possible to commit one *without* committing the other.' (Emphasis sic.) *Id.* at ¶ 48. Second, 'the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." ' *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment). If both

questions are answered in the affirmative, then the offenses are allied offenses of similar import and will be merged. *Johnson,* at ¶ 50."

{¶15} Appellant herein was convicted of four counts of kidnapping under R.C. 2905.01(A)(2), one count for each of the four victims. Because the four counts allege the same basic criminal conduct and rely on the same statutory subsection, we may proceed directly to the second question under *Johnson*. However, despite appellant's assertion to the contrary (see Appellant's Brief at 3), each kidnapping count in the indictment does set forth a different victim. The sentencing judgment entry does not specifically name the victims, but it does refer back to the specific counts within the indictment. "Clearly, a defendant can be convicted for more than one offense if each offense involves a different victim, even though the offenses charged are identical ***." *State v. Harvey,* Hancock App.No. 5–10–05, 2010–Ohio–5408, ¶ 24. Accordingly, we answer the second question under *Johnson* in the negative, and thereby find the kidnapping counts at issue are not allied offenses of similar import.

{¶16} Appellant's First Assignment of Error is overruled.

II.

{¶17} In his Second Assignment of Error, appellant contends the trial court erred in failing to merge one of the four kidnapping counts with the aggravated robbery count. We disagree.

{¶18} Appellant essentially maintains that the trial court's failure to at least find one of the kidnapping counts [R.C. 2905.01(A)(2)] to be an allied offense of similar import to the aggravated robbery count [R.C. 2911.01(A)(1)] constituted reversible error, relying on *State v. Winn,* 121 Ohio St.3d 413, 905 N.E.2d 154, 2009–Ohio–1059.

{¶19} In *State v. Miller*, Portage App.No. 2009–P–0090, 2011-Ohio-1161, the Eleventh District Court of Appeals aptly described *Winn* as follows: "In *Winn,* the court held that kidnapping and aggravated robbery were allied offenses, even though it was possible to imagine hypothetical scenarios in which aggravated robbery would not necessarily constitute a kidnapping. The court reasoned that exploring all potential hypotheticals represented a regression into a strict textual application of the allied-offenses test previously rejected in *Cabrales.* Still, the court found that the two offenses are so similar that the commission of one necessarily results in the commission of the other. ***." *Miller* at ¶ 43.

{¶20} Nonetheless, because *Winn* predated *Johnson*, *supra*, we are reluctant to apply *Winn* as a precedential rule for all allied offense questions involving kidnapping and aggravated robbery convictions. We are instead inclined to apply a *Johnson* analysis to the issue presented; however, the record before us contains scant documentation, outside of the indictment itself and a single paragraph in the plea hearing transcript, of the specific "conduct of the accused" as required by *Johnson*. Appellant's trial counsel filed a demand for a bill of particulars on September 8, 2009, but the trial court file does not reflect a response by the State. A discovery response is in the file, but it consists chiefly of unlabeled photocopies of crime scene photos. A review of the sentencing transcript likewise provides few details about the nature of the acts of kidnapping and aggravated robbery perpetrated by appellant. Under these circumstances, we invoke the principle that "[a]n adequate appellate record is the appellant's responsibility; in the absence of an adequate record, this court presumes the regularity of the proceedings below." *State v. Grice*, Cuyahoga App.No. 97046, 2012-

Ohio-1938, ¶ 21. In other words, a presumption of regularity attaches to all trial court proceedings, (*see, e.g., Chari v. Vore* (2001), 91 Ohio St.3d 323, 325, 744 N.E.2d 763) and we find appellant has failed to overcome such presumption in the case sub judice.

{¶21} Appellant's Second Assignment of Error is therefore overruled.

III.

{¶22} In his Third Assignment of Error, appellant contends his trial counsel was ineffective for failing to object to appellant's sentences on the basis of R.C. 2941.25 and the Double Jeopardy Clause. We disagree.

{¶23} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

{¶24} However, it is generally recognized in Ohio that even where defense counsel fails to challenge the trial court for its failure to merge, the imposition of multiple sentences for allied offenses of similar import constitutes plain error. *See, e.g., State v. May,* Lake App.No. 2010–L–131, 2011–Ohio–5233, ¶ 31, citing *State v. Underwood,* 124 Ohio St.3d 365, 922 N.E.2d 923, 2010–Ohio–1, ¶ 31. Under the circumstances of the case sub judice, and based on our previous analysis herein, we find no merit in appellant's reliance on a claim of ineffective assistance of trial counsel.

{¶25} Appellant's Third Assignment of Error is therefore overruled.

{¶26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, J., concurs.

Delaney, P. J., dissents.

_____

_____

_____

JUDGES

JWW/d 0906

*Delaney, J., concurring in part and dissenting in part:*

{¶27} I concur in the majority's opinion as to Appellant's First Assignment of Error; but respectfully dissent from the majority opinion in regards to the disposition of the Second Assignment of Error.

{¶28} In the interest of justice and following our prior rulings in *State v. Mowery*, 5th Dist. No. 10-26, 2011-Ohio-1709 and *State v. Bobb*, 5th Dist. No. CT2007-0076, 2011-Ohio-1709, I would sustain the Second Assignment of Error to the extent this matter should be remanded for a new sentencing hearing to analyze Appellant's conduct in the offenses at issue (kidnapping and aggravated robbery) pursuant to *Johnson* and , if necessary, to review potential merger of the offenses for sentencing.


_____

JUDGE PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                  :
                                           :
-vs-                                       :                JUDGMENT ENTRY
                                           :
MICHAEL BLACKFORD                          :
                                           :
    Defendant-Appellant                 :                Case No. 12 CA 3


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.

        Costs assessed to appellant.


                                             _____


                                             _____


                                           _____

                                                        JUDGES