[Cite as *State v. Wright*, 2013-Ohio-3132.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98901**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELLERY WRIGHT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-562045 and CR-562963

**BEFORE:** Stewart, A.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 300
Westlake, OH    44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Matthew E. Meyer
            Christopher D. Schroeder
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} On May 8, 2012, defendant-appellant Ellery Wright pled guilty to one count of drug possession in violation of R.C. 2925.11(A), a fifth-degree felony. The trial court convicted Wright and sentenced him to 12 months of community control sanctions and 25 hours of community service. Additionally, Wright's driver's license was temporarily suspended, he was ordered to attend drug treatment programs, and also ordered to obtain a General Education Development (GED) diploma.

{¶2} In a separate case, Wright again pled guilty to one count of theft in violation of R.C. 2913.01(A)(3), also a fifth-degree felony. On June 5, 2012, Wright was convicted of the offense, sentenced to 18 months of community control sanctions, and ordered to pay $3,500 in restitution.

{¶3} On August 10, 2012, Wright appeared in court for a hearing for violating the conditions of his community control sanctions. Wright had tested positive for phencyclidine ("PCP") and cocaine on two separate occasions. Wright also failed to appear for the court-ordered drug treatment programs, attend Alcoholics Anonymous meetings, or make any effort to obtain his GED. The trial court found Wright to be in violation of his probation in both cases and sentenced him to the maximum of 12 months incarceration in each case. The sentences were ordered to be served consecutively.

{¶4} On appeal, Wright's sole assignment of error is that the court erred in ordering maximum consecutive sentences. However, we find Wright's assignment of

error to be without merit because the record reflects the trial court's imposition of maximum consecutive sentences was proper.

{¶5} On September 30, 2011, H.B. 86 became effective, which revived the requirement that trial courts make certain findings before imposing consecutive sentences for felony convictions. *State v. Jones*, 8th Dist. No. 98371, 2013-Ohio-489, ¶ 17. Under R.C. 2929.14(C)(4), the trial court must first find that the imposition of consecutive sentences is "necessary to protect the public from future crime or to punish the offender." *Id.* Secondly, the trial court must find "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Lastly, the trial court must find that at least one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶6} In this case, the court satisfied all three parts of the analysis. At the sentencing hearing, the court made the following statement:

Court: The court finds in this matter that this defendant does have an extensive criminal history, that he hasn't benefitted from prior attempts at rehabilitation, nor has he learned from prior sentences in this matter. The court finds that in this case consecutive sentences are necessary to protect the public and punish this offender * * *.

{¶7} In addition to finding that consecutive sentences were necessary to protect the public and to punish Wright for his offenses, at pages 21 and 22 of the transcript, the court acknowledged that this type of sentence was not disproportionate given the seriousness of Wright's conduct. The court noted the danger Wright posed to his own family. Wright has young children, and his history of drug use could potentially lead to tragic events. Lastly, the record reflects that Wright was on probation when the subsequent offenses were committed. Wright had been given the opportunity to avoid prison by participating in drug treatment and education programs. However, he did not do so and, instead, continued to abuse drugs.

{¶8} Wright actually argues that while the trial court made findings under R.C. 2929.14(C)(4), the sentencing transcript shows the court made no meaningful analysis of those findings. However, Wright's argument misinterprets the requirements placed on the trial court under R.C. 2929.14(C)(4) for consecutive sentencing purposes.

{¶9} In *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, this court recognized that R.C. 2929.14(C)(4) does not place a heavy burden on a trial judge to make the necessary findings before imposing consecutive sentences. *Id*. at 16. In fact, unlike the requirement in the prior version of the statute, the trial court does not have to justify its findings by giving reasons for making those findings. *Id*. *See also State v. Goins*, 8th

Dist. No. 98256, 2013-Ohio-263. Because the record reflects that the trial court made the findings under R.C. 2929.14(C)(4), its duty for imposing consecutive sentences was fulfilled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR