[Cite as *State v. Bryant*, 2013-Ohio-3239.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99039**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARQUESE R. BRYANT

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART; REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560302

**BEFORE:** McCormack, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

By:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adam Chaloupka
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1}  Marquese Bryant appeals from a judgment of the Cuyahoga County Court of Common Pleas that sentenced him to consecutive prison terms for his domestic violence conviction and community control violation in a prior case.  He committed domestic violence within a day of being convicted of drug possession and placed on community control for that conviction.  After a careful review of the record and applicable law, we reverse the court's judgment ordering the sentence for domestic violence to be served consecutively to the sentence for the probation violation in the prior case, because the court did not make the requisite statutory findings before imposing a consecutive sentence.  We remand this case to the trial court for the limited purposes of resentencing consistent with R.C. 2929.14(C).

### Substantive Facts and Procedural History

{¶2}  On March 1, 2012, Bryant pleaded guilty to drug possession, a fifth-degree felony.  The trial court imposed a 12-month prison term, but suspended execution of the sentence and, instead, imposed five years of community control (formerly probation).  It is undisputed that, at the sentencing hearing, the trial court advised Bryant that a violation of the community control would result in more restrictive sanctions, or a prison term of up to one year.  The trial court journalized the sentencing entry a day after the hearing, on March 2.

**{¶3}** Within 24 hours of the sentencing hearing in the drug possession case, in the early morning of March 2, an incident occurred while Bryant and his wife, Angela Pennington, were at a third person's house. During the incident, Bryant assaulted his wife and was thrown out of the house. He then returned to the house, kicked in the front door, grabbed his wife by the hair, strangled her, then dragged her by her head through the kitchen and attempted to drag her out of the back door.

**{¶4}** On March 14, 2012, the grand jury indicted Bryant for aggravated burglary, kidnapping, vandalism, domestic violence, and attempted felonious assault. On March 19, 2012, he pleaded not guilty. The court set a bond of $75,000 and required Bryant to have no contact with the victim.

**{¶5}** On August 8, 2012, the court held a hearing on the domestic violence charge. Bryant pleaded guilty to domestic violence and attempted vandalism, and the state dismissed the remaining charges. The trial court allowed him to be free on bond until sentencing and ordered him to have no contact with the victim during the court-supervised release. At this hearing, Bryant's counsel alluded to Bryant's violation of his community control, contending that Bryant was not in violation because the sentencing entry placing him in community control was not journalized until after the domestic violence incident.

**{¶6}** On September 6, 2012, the trial court held a sentencing hearing. The prosecutor reported to the court that 20 days after the August 8, 2012 plea hearing, Bryant beat the same victim, although he has not been indicted on the incident. Detective

Vowell provided some detail relating to that incident. He stated the police learned that, on August 28, 2012, Bryant and Pennington went out drinking, and, when they returned to their house after midnight, Pennington wanted to take Bryant's son back to the child's mother. Bryant became angry, and began swinging at Pennington's face. When she tried to go down a staircase, he kicked her in the back of her neck, causing her to slide down the steps. The police were called, but when the officers arrived, Bryant was already gone from the house.

{¶7} Detective Vowell further reported that another detective, Detective Sardon, went to Pennington's house to investigate the incident afterward. Detective Sardon spoke with her son, who related that Bryant had been staying at the house since he was released from the county jail in August. Detective Sardon then saw Bryant and Pennington return home and go inside the house. Detective Sardon walked to the house and asked Pennington for Bryant. Pennington became highly agitated and demanded to see a search warrant.

{¶8} Despite Detective Vowell's account of the police's knowledge of the new domestic violence incident and what Detective Sardon had observed at the house, Bryant insisted he had no contact with Pennington since the August 8 plea hearing. The trial court specifically stated that it found Bryant's denial not credible.

{¶9} The trial court sentenced Bryant to one year in prison in the drug case for violating his community control.[1] It also sentenced him to 18 months for his conviction

---

[1] We note that the trial court, prior to imposing one year in the drug case for Bryant's violation

of domestic violence and concurrent 180 days in county jail for attempted vandalism. The court, in addition, ordered the one-year term for the probation violation in the drug case to be served consecutively to the 18-month term for domestic violence.

{¶10} Bryant now appeals, raising four assignments of error for our review. The first two assignments of errors concern his violation of community control in the drug possession case. Regarding these two assignments of error, we note that his notice of appeal only references the trial court's judgment entry on the domestic violence case. Therefore, he could only raise claims regarding his domestic violence conviction in this appeal, and we should not consider claims relating to the probation violation in drug possession case. As we explain in the following, however, *even if* Bryant's claims regarding his probation violation were properly presented for our review, they lack merit. For ease of analysis, we discuss the first two assignments of error in reverse order.

### Violation of Community Control Before Journalization of Sentencing Entry

{¶11} Under the second assignment, Bryant claims he did not violate the community control sanctions imposed in the drug case because he committed domestic violence, the offensive conduct underlying the probation violation, before the court journalized the sentencing entry. This claim is audacious.

---

of community control, stated that he had violated the terms of his sanctions by having contact with the victim. The trial court had apparently misspoken, as that case dealt with his drug possession, not domestic violence; the order prohibiting Bryant from any contact with the victim was imposed only after Bryant was indicted for domestic violence. Reading the trial court's statement in context, however, it is clear the trial court meant to state that Bryant violated the conditions of his community control in the drug case by committing another crime (domestic violence).

{¶12} Although the record of the drug case is not part of the record in this appeal, it is undisputed that at the March 1, 2012 sentencing hearing, the trial court imposed on Bryant five years of community control and directly advised him he would face more restrictive sanctions or a one-year prison term if he were to violate the terms of his community control.

{¶13} The next day, on March 2, 2012, the trial court entered the sentencing entry in the docket. However, hours before, in the early morning that day, Bryant committed the domestic violence offense, in violation of his community control. He beat the court to it, so to speak.

{¶14} We are aware of Crim.R. 32(C), which states that a judgment "is effective only when entered on the journal by the clerk," and also the axiom that a court speaks through its journal. However, to allow a defendant who was put on notice a "free pass" to violate the terms of his community control — in this case, to brutalize his wife — between the sentencing hearing and the journalization of the sentencing entry would make a mockery of this legal principle, which we refuse to do. An exception to this principle is especially warranted in this case, where the trial court had properly advised the defendant of the consequences of a violation of the community control at the hearing and immediately journalized the sentencing entry on the next day. Bryant's claim is without merit even if properly raised.

**<u>Probation Violation Hearing</u>**

{¶15} Under the first assignment of error, Bryant claims the court imposed a punishment for a violation of his community control in the drug case without holding a hearing on the violation. The record reflects otherwise.

{¶16} We first note that a community control violation proceeding is not a criminal trial. Rather, it is informal in nature and structured to assure that the finding of a violation is based on verified facts and that the trial court's exercise of discretion is informed by an accurate knowledge of the defendant's behavior. *State v. Fonte*, 8th Dist. No. 98144, 2013-Ohio-98, ¶ 6, citing *State v. Hylton*, 75 Ohio App.3d 778, 781, 600 N.E.2d 821 (4th Dist.1991). Furthermore, the Rules of Evidence do not apply to community control sanction proceedings. Evid.R. 101(C)(3).

{¶17} Here, Bryant did not dispute that his commission of domestic violence was a violation of the terms of his community control. At the August 8, 2012 plea hearing, where he pleaded guilty to domestic violence, Bryant's counsel admitted his domestic violence offense would be a violation of his probation in the drug case. His counsel again conceded the violation at the September 6, 2012 sentencing hearing. At both these hearings, Bryant had the opportunity to dispute his probation violation, but his counsel only challenged the allegation on the ground that the sentencing entry setting forth his community control sanctions had not yet been journalized at the time of the domestic violence incident.

{¶18} Bryant had been given notice of the specific prison term that could be imposed if he violated the terms of his community control. He was aware of the

evidence against him. He had an opportunity to challenge the allegation of probation violation on two occasions. Under such circumstances, we cannot say the trial court abused its discretion in finding him in violation of his community control and reimposing the previously suspended one-year term for his conviction of drug possession. This assignment of error is similarly without merit, even if raised properly.

## Consideration of Uncharged Act at Sentencing

{¶19} We next address the claim raised under the fourth assignment of error that the trial court considered "uncharged allegations of new crimes" in sentencing him at the September 9, 2012 hearing.

{¶20} At this hearing, Detective Vowell reported to the trial court the police officers' knowledge of another domestic violence incident. Despite Detective Vowell's account of what the police knew about the second domestic violence incident, and Officer Sardon's observation of the contact between Bryant and the victim, Bryant offered no explanations regarding that account, other than a steadfast denial, which the court specifically found to be incredible.

{¶21} Although Bryant alleges the trial court improperly considered the yet-uncharged domestic violence in sentencing him, the courts have consistently held that evidence of other crimes, including crimes that never result in criminal charges being pursued, may be considered at sentencing. *Mt. Vernon v. Hayes*, 5th Dist. No. 09-CA-00007, 2009-Ohio-6819, ¶ 54, citing *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989).

**{¶22}** In any event, our independent review of the transcript reflects that the trial court did not cite the new allegation of domestic violence when giving its reasons for Bryant's sentence. Rather, the court cited Bryant's continual violation of the court's no-contact order. Because the Rules of Evidence do not strictly apply to sentencing proceedings, *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990), Officer Vowell's account of another officer's observation is not impermissible hearsay — and it was not objected to by Bryant's counsel. For these reasons, the fourth assignment of error lacks merit.

### Consecutive Sentences

**{¶23}** Under the third assignment of error, Bryant contends the trial court erred in imposing consecutive sentences without making the statutory findings required by R.C. 2929.14(C)(4). We find merit to this claim.

**{¶24}** This court recently addressed the standard of review appellate courts must use in reviewing challenges to the imposition of consecutive sentences. *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891. In *Venes*, we held that we review consecutive sentences using the standard set forth in R.C. 2953.08. *Venes* at ¶ 8-10. That statute provides two grounds for an appellate court to overturn the imposition of

consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Venes* at ¶ 11; R.C. 2953.08(G)(2).

{¶25} Regarding what a trial court must do before imposing consecutive sentences, H.B. 86, effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. *State v. Graves*, 8th Dist. No. 98559, 2013-Ohio-2197, ¶ 11.

{¶26} Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c).

{¶27} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. "By stating the findings on the record, the

reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (J. Blackmon, concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

{¶28} Here, although the trial court cited Bryant's prior criminal activities and violation of the court order of no contact with the victim while awaiting sentencing — factors set forth in R.C. 2929.14(C)(4)(a)-(c) — the record in this case is devoid of other statutorily mandated findings required by the statute. Therefore, the consecutive sentence the trial court imposed is clearly and convincingly contrary to law. Accordingly, we sustain Bryant's third assignment of error and remand this case to the trial court for the limited purposes of resentencing consistent with R.C. 2929.14(C). The resentencing hearing on remand will be limited only to the issue found to be in error on appeal. *See State v. Huber*, 8th Dist. No. 98206, 2012-Ohio-6139, ¶ 17.

{¶29} Judgment affirmed in part, reversed in part, and remanded for the limited purposes of resentencing consistent with R.C. 2929.14(C).

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR