[Cite as *State v. Upkins*, 2013-Ohio-3986.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  17-13-02

      v.

LAMONE UPKINS,                  O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Shelby County Common Pleas Court
Trial Court No. 11CR000264

Judgment Affirmed

Date of Decision:   September 16, 2013


APPEARANCES:

    *Jonathan M. Richard* for Appellant

    *Timothy S. Sell and Jeffrey J. Beigel* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Lamone Upkins ("Upkins"), appeals the January 15, 2013 judgment of the Shelby County Court of Common Pleas finding him guilty of four counts of trafficking in drugs and sentencing him to serve thirty-six months in prison.

{¶2} On September 29, 2011, the Shelby County Grand Jury indicted Upkins on four counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), all felonies of the fifth degree. The indictment alleged that Upkins sold Clonazepam to a confidential informant on four separate occasions. A jury trial was held on December 29, 2011. The jury found Upkins guilty on all four counts.

{¶3} On February 13, 2012, a sentencing hearing was held. The trial court sentenced Upkins to serve nine months in prison on each count, to be served consecutively for a total stated prison term of thirty-six months.

{¶4} Upkins appealed his sentence to this Court, assigning as error the trial court's failure to make the required statutory findings prior to imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). In *State v. Upkins*, 3d Dist. Shelby No. 17-13-12, 2012-Ohio-6114, we found that the trial court did not make the required statutory findings and remanded the case to the trial court to address those findings.

{¶5} On January 15, 2013, the trial court resentenced Upkins again imposing consecutive sentences for a total stated prison term of thirty-six months.

{¶6} Upkins now brings this appeal, asserting the following assignment of error.

> **THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO SERVE CONSECUTIVE SENTENCES, AS THE APPELLANT'S SENTENCE DOES NOT SERVE THE PURPOSE OF THE SENTENCING STATUTE PURSUANT TO OHIO REVISED CODE ANN. § 2929.11(A), IS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, AND THE RECORD CLEARLY AND CONVINCINGLY DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS.**

{¶7} In his sole assignment of error, Upkins argues that the trial court erred in imposing consecutive sentences. Specifically, Upkins again asserts on appeal that the trial court failed to make the appropriate statutory findings to impose consecutive sentences. He also maintains that imposing consecutive sentences is inconsistent with the purposes and principles of the felony sentencing statutes and that the record does not support the trial court's decision to impose consecutive sentences.

{¶8} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos,* 3d Dist. Defiance No. 4-06-24, 2007-

Ohio-767, ¶ 23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Tyson,* 3d Dist. Allen Nos. 1–04–38; 1–04–39, 2005–Ohio–1082, ¶ 19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is " 'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.' " *State v. Watkins,* 3d Dist. Auglaize No. 2–04–08, 2004–Ohio–4809, ¶ 16, quoting *State v. Jones,* 93 Ohio St.3d 391, 400 (2001).

{¶9} At the outset, we note that R.C. 2929.14(C)(4) requires a trial court to make specific findings before imposing consecutive sentences on an offender. Specifically, with respect to the issues raised in this case R.C. 2929.14(C)(4) states, in relevant part:

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**

\* \* \*

**(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶10} Here, the trial court stated the following on the record at the resentencing hearing prior to imposing consecutive sentences.

> **[T]he Court finds that consecutive sentencing is necessary to protect the public from future crimes, and it is not disproportionate to the seriousness of your [] conduct and the danger that you [] pose to the public.**
>
> **Further, the Court specifically finds that [] your past history of criminal conduct demonstrates that consecutive sentencing is necessary to protect the public from future crimes by [] you.**

(Tr. at 10).

{¶11} In its judgment entry resentencing Upkins, the trial court stated the following relevant to the required statutory findings.

> **For reasons stated on the record, and after consideration of the factors under the Revised Code Section 2929.12, the Court also finds that prison is consistent with the purposes of 2929.11 and the Defendant is not amenable to an available community control sanction.  This court further finds that consecutive sentencing is necessary to protect the public from future crimes and is not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. Further, this court specifically finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

(Doc. No. 22 at 2).

{¶12} On appeal, Upkins concedes that the trial court properly made the statutory finding regarding his history of criminal conduct stated in R.C. 2929.14(C)(4)(c). However, with specific regard to the other two statutory findings contained in R.C. 2929.14(C)(4), Upkins argues that "it is not enough for the sentencing court to simply extract the statutory language and put it on the record. Instead, the court must 'engage in the required analysis.' " (Appellant's Brief at 9).

{¶13} Upkins' argument on appeal is inapposite to the precedent set by multiple appellate jurisdictions which have stated that R.C. 2929.14(C)(4) does not require the trial court to justify its findings by giving reasons for making those findings. *See e.g, State v. Goins,* 8th Dist. Cuyahoga No. 98256, 2013–Ohio–263, ¶ 11*; State v. McKinley*, 3rd Dist. Van Wert No. 15-12-07, 2012-Ohio-6117,¶ 10; *State v. Nowlin*, 5th Dist. Muskingum No. CT2012–0015, 2012–Ohio–4923, ¶ 69; *State v. Smith*, 12th Dist. Clermont No. CA–2012–01–004, 2012–Ohio–4523, ¶ 31.

{¶14} In support of his argument, Upkins relies upon *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. Specifically, the court in *Venes* stated the following regarding the trial court's duty to make the required statutory findings under R.C. 2929.14(C)(4):

> **By imposing a requirement that the trial judge make specific findings before ordering sentences to be served consecutively,**

**the General Assembly toughened the standard for consecutive sentences. However, the revived consecutive sentencing statute codified in R.C. 2929.14(C)(4) does not place a heavy burden on a trial judge. Indeed, it is arguably easier to impose consecutive sentences today than it was under former R.C. 2929.14(E)(4) because the revived version did away with the requirement that the court justify its findings by giving reasons for making those findings.**

**Because the statute so clearly requires specific findings for the imposition of consecutive sentences, those findings must be entered at the time the court orders sentences to be served consecutively. What we mean by this is that regardless of what the trial judge might say during sentencing regarding the purposes and goals of criminal sentencing, compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing. Too often, we have been called to examine words or phrases scattered throughout a sentencing transcript and piece them together to decide whether the court made the required findings. This case is a good example: the state referenced "findings" on pages 64, 76, 78, 80, and 83 of the transcript in support of consecutive sentences. This alone is proof that the court did not make separate and distinct findings on the record relative to the imposition of consecutive sentences. If the word "findings" is to have any meaning at all, it means nothing less than the court must "engage[ ] in the required analysis and select [ ] the appropriate statutory criteria" before ordering sentences to be served consecutively. Only then will the imposition of consecutive sentences not be contrary to law.**

(*Id.* at ¶¶ 16-17) (Internal citations omitted).

{¶15} Contrary to the scenario in *Venes*, the trial court in this case did make separate and distinct findings by using the precise language chosen by the legislature in R.C. 2929.14(C)(4). Moreover, nowhere in *Venes* did the court state

that reciting the statutory language to make the required findings was insufficient to comply with the statute.

{¶16} Notably, in a subsequent case before the same court, the appellant tried to make an argument similar to Upkins' by contending that the trial court's findings under R.C. 2929.14(C)(4) were insufficient because "the sentencing transcript shows the court made no meaningful analysis of those findings." *State v. Wright*, 8th Dist. Cuyahoga No. 98901, 2013-Ohio-3132, ¶ 8. In response, the Eighth District stated that the "[appellant's] argument misinterprets the requirements placed on the trial court under R.C. 2929.14(C)(4) for consecutive sentencing purposes." *Id*. The court cited *Venes* and held that "because the record reflects that the trial court made the findings under R.C. 2929.14(C)(4), its duty for imposing consecutive sentences was fulfilled." *Id*. at ¶ 9. Accordingly, we also conclude that the trial court in this case fulfilled its duty under R.C. 2929.14(C)(4) when it made the findings by reciting the relevant statutory language. Therefore, we find no merit in Upkins' argument that the trial court was required to engage in a separate analysis on the record to justify its findings.

{¶17} Upkins also argues that the trial court's imposition of consecutive sentences is inconsistent with the purposes and principles of felony sentencing and is not supported by the record.

**{¶18}** In sentencing an offender, a trial court must consider R.C. 2929.11 and 2929.12. *State v. Pence*, 3d Dist. Auglaize No. 2–11–18, 2012–Ohio–1794, ¶ 9. The purposes and principles for felony sentencing provided in R.C. 2929.11 are:

> **[T]o protect the public from future crimes by the offender and others and to punish the offender, and shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.**

*State v. Hites*, 3d Dist. Hardin No. 6–11–07, 2012–Ohio–1892, ¶ 8.

**{¶19}** Section 2929.12(B) of the Revised Code further requires the sentencing court to consider factors that indicate the offender's conduct is more or less serious than conduct that normally constitutes the offense and factors that indicate the offender is likely or not likely to commit future offenses. *State v. Billeg*, 3d Dist. Wyandot No. 16–12–03, 2013–Ohio–219, ¶ 22.

**{¶20}** Prior to imposing consecutive sentences, the trial court at the sentencing hearing specifically stated that it "considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and the recidivism factors under R.C. 2929.12 as well as the consecutive sentencing factors under R.C. 2929.14(C)(4)." (Tr. at 9). The trial court then discussed Upkins' criminal history on the record. In particular, the trial court noted that Upkins' criminal record stretches back as far as 1988 and involved numerous

misdemeanor and felony charges, including burglary, grand larceny, trafficking in drugs, preparation for sale, and possession of cocaine.

{¶21} The trial court further noted that in the past Upkins has been placed on probation or community control and has been sent to WORTH, a drug treatment and rehabilitation center. However, the trial court observed that Upkins' record showed that he violated the terms and conditions of his community control and was sent to prison. Finally, the trial court also noted that the offenses for which Upkins was now being sentenced occurred as a result of four separate incidents, which demonstrated that Upkins has engaged in a continuing course of conduct. Notably, all of the trial court's observations are supported by the record.

{¶22} In addition, it was also apparent from his statements at sentencing that Upkins lacks any accountability for his actions comprising the current offense. Moreover, his failure to show any remorse does not support his contentions on appeal that he is unlikely to recidivate and that his continuing course of conduct does not pose a danger to the public. This combined with the fact that Upkins had demonstrated that he is not amenable to community control all support the trial court's conclusion that consecutive sentences are warranted in this case.

{¶23} For these reasons, we conclude that the trial court properly imposed consecutive sentences by making the required statutory findings under R.C. 2929.14(C)(4), that the trial court's imposition of consecutive sentences is

consistent with the purposes and principles of felony sentencing as expressed in R.C. 2929.11 and 2929.12, and that the sentence is supported by the record. Accordingly, Upkins' assignment of error is overruled and the judgment and sentence of the Shelby County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**