[Cite as *State v. Barker*, 2013-Ohio-4038.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99320**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SIMMIE BARKER, III

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-565370 and CR-565507

**BEFORE:** Rocco, J., Boyle, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

-i-

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Edward Fadel
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} After entering guilty pleas in two underlying cases to a charge of drug possession, attempted burglary, assault, and abduction, defendant-appellant Simmie Barker, III, appeals from the sentences he received.

{¶2} Barker presents three assignments of error. He asserts that his sentences are contrary to law because the trial court failed to make the findings necessary to impose consecutive sentences. He also asserts that the trial court improperly stated that he could not receive credit for time served because those days constituted his sentence for the assault conviction. Finally, he asserts that the sentences imposed violated R.C. 2941.25(A) because his convictions in one case were for allied offenses.

{¶3} Following a review of the record, this court concludes that the trial court complied with R.C. 2929.14(C)(4) when imposing consecutive terms and also that his sentences are otherwise in accordance with law. Thus, Barker's assignments of error are overruled, and his sentences are affirmed.

{¶4} Barker originally was indicted in case number CR-565370 on one count of drug possession and in case number CR-565507 on one count of burglary, one count of felonious assault, and one count of kidnapping. After several pretrial hearings, the parties notified the trial court that a plea agreement had been reached.

{¶5} As outlined by the prosecutor, in exchange for Barker's guilty pleas, the charges in CR-565507 would be amended to one count of attempted burglary, one count

of misdemeanor assault, and one count of abduction. The trial court conducted a careful colloquy with Barker before accepting his guilty pleas. A subsequent discussion with Barker led the trial court to order both a presentence report and a psychological assessment for potential "mitigation"[1] purposes.

{¶6} When Barker's cases were called for sentencing, on November 21, 2012, the trial court noted that it had received the presentence report.[2] The record reflects that the prosecutor then showed the trial court a video of the incident that led to Barker's conviction in CR-565507; the video came from a neighbor who had recorded what she observed and posted it on "YouTube."[3] The trial judge invited Barker to view the video with him, and, as they watched, Barker attempted to explain his actions.

{¶7} The trial court then turned to the prosecutor for his comments. The prosecutor argued that none of the offenses Barker committed in CR-565507 were allied offenses pursuant to R.C. 2941.25(A), because each occurred at a separate time.

{¶8} After listening to the assault victim, defense counsel, and Barker himself, the trial court reviewed Barker's history of misdemeanor convictions for a "weapons violation," a theft, and a "drug abuse," the trial court stated that Barker had committed "separate" offenses and that a consecutive sentence was "appropriate."

---

[1]This is the trial court's word.

[2]None of the parties referred to a report resulting from a psychological assessment of Barker.

[3]The prosecutor did not request of the trial court that the video be admitted as an exhibit; therefore, it does not appear in the appellate record.

{¶9} The trial court imposed on Barker prison terms that totaled five years, i.e., one year in CR-565370, to be served consecutively with consecutive terms in CR-565507 of 12 months for attempted burglary and 36 months for abduction. As to the misdemeanor assault conviction in CR-565507, the trial court sentenced Barker to "time served." On this basis, the trial court declared that Barker was ineligible to receive "jail-time" credit.

{¶10} Barker appeals from his sentence with three assignments of error.

**I. The trial court erred when it sentenced Barker to maximum, consecutive prison terms.**

**II. The trial court erred by not calculating and awarding Barker jail time credit in this case.**

**III. The court erred when it sentenced Barker to consecutive prison terms for allied offenses of similar import.**

{¶11} Barker argues in his first assignment of error that the trial court neither made the necessary findings in imposing consecutive sentences in his underlying cases, nor engaged in any analysis regarding the sentences' proportionality and consistency. Because the record reflects otherwise, Barker's argument is unpersuasive.

{¶12} This court has set forth the current law relating to consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. The statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences.

{¶13} R.C. 2929.14(C)(4), as revived, now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must

find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or
> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

**{¶14}** In making these findings, a trial court is not required to use "talismanic words," however, it must be clear from the record that the trial court actually made the findings required by statute. *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, at ¶ 14, 17; *see also State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

**{¶15}** In pertinent part, the trial court made the following comments when imposing the sentences for Barker's convictions in these two cases:

> THE COURT: Your behavior is disgusting, obscene, unlawful, degrading, obnoxious. It must be met with a penalty that is commensurate with the act. You destabilize the entire community with this type of behavior that took place in full view, in broad daylight, for anybody that was willing to even stop and look. And, in fact, people did videotape it.

You seem to enjoy the punishment and the pain and the suffering that you were inflicting upon the victim in this case, and you seem to actually turn to the camera * * * .

So I'm taking into consideration the principles found in 2929.11, and the overriding principle is *to punish the offender and to protect the public from future crimes * * * . * * * [W]e're not going to impose a minimum sanction here*. [Finding: "consecutive service is necessary to protect the public from future crime or to punish the offender."]  I'm considering the need for incapacitation, deterrence, and rehabilitation, but I'm, under 2929.12(B), indicating that there was injury that was inflicted upon this victim * * * . * * * I am distressed that you would shout these racist terms as you assault this man. * * * [T]he victim here is 62 years old. * * * .

* * *

THE COURT: So, therefore, I believe that *the only appropriate sentence to punish this defendant is with a consecutive period of incarceration. * * * [H]e has prior cases, has a record of drug abuse, had prior opportunities to clean up his act and he has not done so.  These are separate incidents.* [Finding: "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."]  * * *

* * *

THE COURT: On Count 1 he's sentenced to 12 months.  How much time have you spent in county jail?

[BARKER]: Since August 1st, sir.

THE COURT: On Count 2, * * * we'll sentence him to time served.

On Count 3, the abduction, I sentence him to 36 months.  Count[s] 1 and 3 are consecutive for a period of four years going forward.  On the drug case, 565370, a separate offense, you are sentenced to one year consecutive.  That's five years * * * .

* * *

THE COURT: * * * I don't think that one sentence in this case is appropriate to punish the offender.   * * *

* * *

THE COURT: * * * And I guess the magic word, I am searching for it off the top of my head, *I don't think one prison term is appropriate for these acts. I believe it demeans the seriousness of the offense. I believe it is necessary to sentence a person [who] acts in the fashion that I described to a consecutive period of incarceration considering all of the factors that I have placed on the record* and his prior criminal history. [Finding: the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.] * * * (Emphasis added.)

{¶16} The foregoing italicized portions of the trial court's comments demonstrates that, while not following the language of R.C. 2929.14(C)(4) precisely, the trial court made each of the required individual findings in order to impose maximum and consecutive sentences in Barker's two cases.[4] *State v. Richmond*, 8th Dist. Cuyahoga No. 98915, 2013-Ohio-2887, ¶ 13-14; *State v. Bonness*, 8th Dist. Cuyahoga No. 99129, 2013-Ohio-2699, ¶ 13-16; *State v. Grier*, 8th Dist. Cuyahoga No. 98637, 2013-Ohio-1661. Similarly, the trial court specifically stated it had considered the application of R.C. 2929.11 to the sentences. *Bonness* at ¶ 18-21.

{¶17} Consequently, Barker's first assignment of error is overruled.

---

[4]Although the record indicates the trial court made the necessary findings, it is also evident that the state did little in this case to assist the trial court in determining whether a consecutive sentence was appropriate. If the state has such a belief, the best practice would be to provide a sentencing memorandum to the court that includes the required R.C. 2929.14(C)(4) statutory findings along with citations to the record that support each finding. Alternatively, the state could orally articulate at the sentencing hearing the R.C. 2929.14(C)(4) findings that find support in the record. All too often, the state merely argues on appeal that the trial court's use of "talismanic words" is unnecessary, when it is the state's responsibility to provide the trial court with a sentencing memorandum in the first place. If the state did more at the proper time, however, trial courts would announce clear findings, the need for "interpretation" would be eliminated, and this court would most likely see a significant reduction in the number of cases having to be remanded (at great expense to the public).

**{¶18}** Barker also argues that the trial court improperly sentenced him to "time served" for his misdemeanor conviction rather than giving him credit toward his prison term for the time he spent in jail awaiting resolution of these cases. In support of his argument, he cites *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, but *Fugate* is inapposite.

**{¶19}** The applicable portion of R.C. 2967.191 states:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced
> * * * .

**{¶20}** However, R.C. 2929.41(B) provides in relevant part:

> (1) A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * * .
>
> * * *
>
> (3) * * * When consecutive jail terms or sentences of imprisonment and prison terms are imposed for one or more misdemeanors and one or more felonies under this division, the term to be served is the aggregate of the consecutive terms imposed, and the offender shall serve all terms imposed for a felony before serving any term imposed for a misdemeanor.

**{¶21}** In *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588 and 93070, 2009-Ohio-5824, at ¶ 35 *(discretionary appeal not allowed, State v. Hughley*, 124 Ohio St.3d 1477, 2010-Ohio-354, 921 N.E.2d 247), this court observed:

> We note that under R.C. 2967.191, the department of rehabilitation and correction credits jail time served; however, it is "the trial court that is to make the factual determination as to the number of days that can constitute jail-time credit." *State v.*

*Frazier*, Cuyahoga App. No. 86984, 2006 Ohio 3023, P9, citing *State v. Morgan* (Mar. 27, 1996), Wayne County App. No. 95CA0055, 1996 Ohio App. LEXIS 1239. * * * [I]n *State v. Fugate*, 117 Ohio St.3d. 261, 2008 Ohio 856, 883 N.E.2d 440, the Ohio Supreme Court noted that: "[w]hen a defendant is sentenced to *consecutive* terms, the terms of imprisonment are served one after another, *jail-time credit applied to one prison term gives full credit that is due*, because the credit reduces the entire length of the prison sentence."

\* * * Because the trial court *could* run the misdemeanor sentence consecutive to the felony sentence, and the trial court must specify the number of days that constitute jail-time credit, we find that *it was within the trial court's discretion to direct that the jail-time credit be applied to the misdemeanor sentence* in the instant case. This is especially true when his sentences are consecutive and the *jail-time credit reduces the entire length of his sentence.* (Emphasis added.)

**{¶22}** The identical situation exists in this case. The trial court had the authority to sentence Barker to a consecutive term of up to 180 days for his misdemeanor conviction. R.C. 2929.24(A)(1); *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 9. Application of the jail-time credit to Barker's consecutive terms reduced the length of his entire sentence. Therefore, the trial court acted within its discretion to sentence Barker for his misdemeanor conviction to the days he had already spent in jail. Consequently, Barker's second assignment of error is also overruled.

**{¶23}** In his third assignment of error, Barker asserts that his convictions in CR-565507 were allied offenses pursuant to R.C. 2941.25(A); therefore, the trial court improperly imposed sentence for each of the convictions. The record fails to support his assertion.

**{¶24}** The Ohio Supreme Court set forth the following requirement in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at paragraph one of the syllabus:

When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the

accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699, overruled.)

**{¶25}** The record of this case demonstrates the trial court considered Barker's conduct when the court determined at the sentencing hearing that the CR-565507 offenses were "separate." First, the trial court was aware from the indictment itself that the attempted burglary was committed against a victim different from the victim set forth in the other two counts. *See, e.g., State v. Blackfordi*, 5th Dist. Perry No. 12 CA 3, 2012-Ohio-4956, ¶ 15.

**{¶26}** Second, as the *Johnson* court stated at ¶ 51, if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. The record reflects that the trial court had observed the state's video, which, as the prosecutor explained, showed that "after the [physical] assault had taken place, [Barker] then prevented the victim from trying to enter the apartment" to escape from Barker's subsequent verbal assault. *See, e.g., State v. Martin*, 8th Dist. Cuyahoga No. 95281, 2011-Ohio-222, ¶ 12.

**{¶27}** Based on the foregoing, Barker's third assignment of error also is overruled.

**{¶28}** Barker's sentences are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR