[Cite as *State v. Atkinson*, 2013-Ohio-4699.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99417**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEMAR R. ATKINSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565441

**BEFORE:** Rocco, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 24, 2013

**ATTORNEY FOR APPELLANT**

Richard E. Hackerd
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jennifer Driscoll
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Jemar Atkinson appeals from the sentence imposed after he entered guilty pleas to a charge of forcible rape and a charge of attempted kidnapping with a sexual motivation specification.

{¶2} Atkinson presents one assignment of error. He claims that Ohio law did not permit the trial court to order his sentence in this case to be served consecutively to his sentence in an unrelated case. This court disagrees. Consequently, Atkinson's assignment of error is overruled, and his sentence is affirmed.

{¶3} Atkinson originally was indicted in this case on three counts. He was charged with two counts of rape, with sexually violent predator specifications, and one count of kidnapping, with a sexual motivation specification and a sexually violent predator specification. The alleged victim was 17 years old.

{¶4} Following several pretrial hearings, the state proposed a plea agreement. By its terms, in exchange for entering guilty pleas to one count of rape and one count of attempted kidnaping, both with the deletion of the sexually violent predator specification, Atkinson also obtained the dismissal of the second rape charge. Atkinson accepted the state's proposal.

{¶5} The trial court conducted a careful Crim.R. 11(C) colloquy with Atkinson. In part, the court informed Atkinson that he faced a mandatory prison term and that the two counts could be run consecutively for a maximum total of 19 years. Atkinson

indicated he understood. The trial court ultimately accepted his guilty pleas to the amended charges.

**{¶6}** When the sentencing hearing took place, the prosecutor conceded that Atkinson's offenses were allied pursuant to R.C. 2941.25(A), and elected to proceed on the rape count. The prosecutor, however, argued that the sentence in this case should be imposed consecutively to the sentence Atkinson was at that time already serving in CR-561831[1] for a similar crime.

**{¶7}** After hearing from the victim's mother, defense counsel, and Atkinson himself, the trial court imposed a prison term of 11 years, and ordered that sentence to be served consecutively to the term imposed in CR-561831, for a total of 16 years. Atkinson appeals from that order of sentence.

**{¶8}** Atkinson's assignment of error states:

> **I.   The trial court committed error when it imposed sentence in the instant case, consecutive to a prior, separate, and independent case for which Atkinson was already serving his sentence.**

**{¶9}** R.C. 2953.08(G)(2) provides that an appellate court must "review the record, including the findings underlying the sentence," and, if this court clearly and convincingly finds either that (a) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14* * * "; or that (b) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a

---

[1]The file of that case is not contained in the record on appeal.

sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

{¶10} Atkinson argues his sentence is contrary to law because, under Ohio law, a presumption exists that sentences for multiple convictions should be served concurrently. He contends the difference in the language used in R.C. 2929.14(C)'s subsections "envisions" that the convictions must be related in time in order for exceptions to that presumption to apply. This court does not find his contention to be persuasive.

{¶11} R.C. 2929.14(C) provides in pertinent part as follows:

> (1) (a) Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B) * * * , the offender shall serve any mandatory prison term imposed * * * , consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term *previously or subsequently imposed upon the offender*.
>
> * * *
>
> (4) *If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds* that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, *and if the court also finds any of the following:*
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of *one or more courses of conduct*, and the harm caused by two or more of the multiple offenses so

committed was so great or unusual that no single prison term for any of the offenses committed as part of *any of the courses of conduct* adequately reflects the seriousness of the offender's conduct.

(c) *The offender's history of criminal conduct demonstrates that consecutive sentences are necessary* to protect the public from future crime by the offender.

(Emphasis added.)

**{¶12}** Atkinson asserts that, when viewed in its entirety, the language used by the legislature in this subsection suggests that multiple terms can be imposed consecutively only if the offenses are contemporaneous.[2] As authority for his assertion, he cites *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717.

**{¶13}** *Thompson*, however, even if it is still good authority, is inapposite to the facts in this case. In *Thompson*, the Fifth District was concerned with a completely different situation, because the trial court, in essence, increased a previously-imposed sentence by first revoking the defendant's probation and then ordering his sentence in that case to be served consecutively with a sentence for a subsequent conviction committed in a different jurisdiction. *But see State v. Wright*, 8th Dist. Cuyahoga No. 98901, 2013-Ohio-3132.

**{¶14}** R.C. 2929.14(C)(4) expressly states that the trial court may order sentences served consecutively as long as it makes the necessary findings. *Id.* One of those findings is that the "multiple offenses were committed as part of *one or more courses of conduct*, and the harm caused by two or more of the multiple offenses so committed was

---

[2]Atkinson presents no argument that the trial court failed to make the necessary statutory findings.

so great or unusual that no single prison term for *any* of the offenses committed as part of *any of the courses of conduct* adequately reflects the seriousness of the offender's conduct."

{¶15} In this case, the trial court stated at Atkinson's sentencing hearing in relevant part as follows:

> THE COURT: * * * With regard to sentencing in this matter, clearly short of murder, rape is one of the most serious offenses in this state * * * . And the purposes and principles of felony sentencing in the State of Ohio are to protect the public and punish the offender. And the court can think of no greater duty to protect the public and to punish the offender in a situation where rape is involved, especially a rape involving a minor child.
>
> * * *
>
> * * * [T]his defendant does have a history of criminal convictions, * * * every single one of them is a sexually-related conviction from what I can tell. And the defendant is a multi-state offender. So not only is he committing sexual offenses in the State of Ohio, but he is committing them in the state of North Carolina as well.
>
> We have here a situation where we have two rape convictions now in the State of Ohio, [i.e., CR-561831], * * * where the defendant entered into the person's house, violated them, and then left.
>
> In this case, we have a defendant who enticed a minor, violated that minor and * * * continued to commit criminal offenses involving sexual acts.
>
> * * *
>
> * * * The court * * * must now operate under a presumption that sentences are to be run concurrent. But in this case the court finds that *based upon the defendant's actions, the way he located his victim [at a playground] and the fact that he had violated another victim [in CR-561831] so close in time to this one* that the harm is so great or unusual that *a single term in this matter does not adequately reflect the seriousness* of the conduct, and, further the *defendant's criminal history shows that*

*consecutive terms are needed to protect the public* in this matter. [Finding: two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by * * * the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.]

And clearly these findings that I made are *commensurate* with the fact that *based upon this defendant's conduct consecutive sentences are necessary to not only protect the public,* [Finding: not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public] *but punish the offender.* [Finding: necessary to * * * punish the offender.] More along the lines of protecting the public and any future victims from this defendant's actions.

So the court will run th[e] 11-year sentence [in this case] consecutive to the sentence issued * * * in Case Number 561831.
* * *

**{¶16}** Although the trial court did not set forth "talismanic words," the court nevertheless thus made each of the findings required by R.C. 2929.14(C)(4) for imposing consecutive terms.[3] Atkinson is not entitled to a "volume discount" of his sentence when the offenses were committed at separate times against separate victims.

---

[3]At this juncture, this court notes that the record reflects that the prosecutor neither provided a sentencing memorandum to the trial court nor set forth at the sentencing hearing the required R.C. 2929.14(C)(4) statutory findings along with citations to the record that supported each finding. This court previously stated in *State v. Barker,* 8th Dist. Cuyahoga No. 99320, 2013-Ohio-4038, fn. 4:

All too often, the state merely argues on appeal that the trial court's use of "talismanic words" is unnecessary, when it is the state's responsibility to provide the trial court with a sentencing memorandum in the first place. If the state did more at the proper time, * * * trial courts would announce clear findings, the need for "interpretation" would be eliminated, and this court would most likely see a significant reduction in the number of cases having to be remanded (at great expense to the public).

**{¶17}** Based upon the record, therefore, this court cannot find that the trial court's sentence in this case was contrary to law.[4] *State v. Barker,* 8th Dist. Cuyahoga No. 99320, 2013-Ohio-4038; *Wright*, 8th Dist. Cuyahoga No. 98901, 2012-Ohio-3132; *State v. Woten*, 3d Dist. Allen No. 1-12-40, 2013-Ohio-1394; *compare State v. Bryant*, 8th Dist. Cuyahoga No. 99039, 2013-Ohio-3239.

**{¶18}** Atkinson's assignment of error is overruled.

**{¶19}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

---

[4]This is not to say that the trial court's statements were as specific as this court prefers. *See State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. It is this court's expectation that, in the future, the statutory findings track the language of R.C. 2929.14(C)(4) more carefully, especially in a case such as this, which cries out for consecutive terms.

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR